JULIUS RUNGE v. JOSEPH FRANKLIN ET AL.

No. 2540.

1. **Libel.**—Proceedings in courts of justice, legislative proceedings, and petitions and memorials to a Legislature are privileged and can not be made the basis of a suit for libel.

2. **Same — Privileged Communications.** — It is immaterial whether a charge

made in the course of legal or judicial proceedings be true or false; being thus made it is absolutely privileged, and the question as to whether it was false or malicious can not be made the subject of inquiry in an action for libel. Though a civil court may have no jurisdiction of the subject matter contained in a plea filed therein in a cause pending, and which is alleged to be libelous, the privilege is absolute and no action for libel can be maintained.

3. **Same—Pleading.**—The very language relied on as libelous must be set out in a petition for libel, and not its substance and meaning.

4. **Same.**—See allegations in a count upon a newspaper publication of the judicial proceedings held to be defective in not specifically setting out the alleged libelous words nor in alleging damages caused.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart. The opinion states the case.

*McLemore & Campbell* and *Geo. E. Mann,* for appellant.—A paper filed in court with express malice and for the object of slandering, and without any cause of action against a person named therein, but with the object of protecting the person filing it from damages for libel, is not a privileged communication., White v. Nichols, 3 How., 266–293; Holt v. Parsons, 23 Texas, 19; Towns. on Libel, 3 ed., p. 138, sec. 88; pp. 350, 351, secs. 209, 288; Howard v. Thompson, 1 Am. Lead. Cases, 4 ed., pp. 167–175.

That in order to make a petition in a court privileged it must be filed with the belief that there is a cause of action, and not as a mere cloak for express malice. Howard v. Thompson, 1 Am. Lead. Cases, 4 ed., pp. 166 to 175; Holt v. Parsons, 23 Texas, 18; Belo v. Wren, 63 Texas, 722, 723; White v. Nichols, 3 How., 287; White v. Carroll, 1 Am. Rep., 504; Gilbert v. People, 43 Am. Dec., 647; 2 Greenl. Ev., 13 ed., sec. 421 and notes; Towns. on Libel and Slander, 3 ed., sec. 221 and notes.

*Waul & Walker,* for appellees. — 1. A petition filed in a court of competent jurisdiction and containing allegations relevant to the subject matter of the suit is absolutely privileged. Public policy forbids that fear of libel suits should prevent parties seeking their rights through the courts. The contents of all papers relevant to the subject matter of litigation filed in a judicial proceeding are absolutely privileged, and the question of malice can not be inquired into. Johnson v. King & Davidson, 64 Texas, 232; Smith v. Adams, 27 Texas, 30; Haldeman v. Chambers, 19 Texas, 53; Garr v. Selden, 4 N. Y., 91; Harstock v. Reddick, 6 Blackf. (Ind.), 255; Forbes v. Johnson, 11 B. Monr. (Ky.), 48; Cook v. Hill, 3 Sandf., 341; Shipley v. Todhunter, 7 C. & P., 680; Munster v. Lamb (Eng. Ct. App.), 17 Cent. Law Jour., p. 419; Folkard's Starkie on Slander and Libel, sec. 688, p. 524.

2. A petition complaining of a newspaper publication of court proceedings as libelous must allege that it is an unfair, partial, or incorrect re-

port of such proceedings. If plaintiff's pleadings show that it is on the contrary a fair report they are the more certainly subject to exception. A fair and impartial published report of a judicial proceeding stands on the same footing as to privilege as the court paper itself, and the absence of allegations that such report is unfair, etc., renders the petition subject to exception. Cincinnati & Co. v. Timberlake, 10 Ohio St., 548; Cosgrove v. Trade Auxiliary Co., 8 I. R. C. L., 349; Edsall v. Brooks, 17 Abb. Prac. Rep., 227; 26 How. Prac. Rep., 426; Ryalls v. Leader, Law Rep., 1 Ex., 298; Hoare v. Silverlock, 9 C. B., 20; Hearne v. Stowell, 12 Adol. & El., 718; Turner v. Pullman, 6 Law Times (N. S.), 130; Saunders v. Mills, 6 Bing., 213.

COLLARD, JUDGE.—This is a suit for libel brought by Julius Runge, the appellant, against Joseph Franklin and others. It is predicated upon alleged defamatory matter contained in a petition filed by appellees in the District Court of Galveston County against the Island City Ice Company, a corporation in the city of Galveston, having the usual officers, appellant being one of the directors and the appellees being owners of much less than one-half the stock. The bill declared to be libelous attacks the management of the company, alleging that it had been fraudulently conducted by the president, with the assent and approval of the directors; it asks for injunction to prevent sale or other disposition of the property and the appointment of a receiver to wind up the affairs of the company. Only a part of the allegations of the bill are selected and declared on as libelous.

Plaintiff alleges that the bill was false and malicious and that the suit was brought by defendants when they were fully advised that there was no cause of action against plaintiff or right of petition, as a libelous cover and device under which to attack and injure the good name and fame of plaintiff as a man and a director, and to injure him by depreciating his stocks in several corporations of which he is director. He further alleged that after he had filed his affidavit in court specifically denying each and all the allegations of the bill, "defendants on February 11, 1886, caused the same to be published in the Galveston News, a newspaper having an extensive circulation in the city of Galveston and throughout the State of Texas, repeating through the columns of the News the said libelous matter; in a certain part thereof was and is contained in tenor as follows, 'hereby annexed, marked exhibit A, and made a part of this petition.'"

It is further alleged that after defendants had vented their spleen "by publishing their said libelous allegations in said petition and said newspaper, and under pretext of a suit accomplished their wicked and malicious purpose of injuring plaintiff in character, business, and property, they then dismissed their pretended suit, paying the costs of court," before the demurrers to the same were acted on, which demurrers were

alleged to show that in truth and in fact the bill set up no cause of action or basis of relief against the Island City Ice Company. The plaintiff was not made a defendant in the bill asking the appointment of a receiver.

The exhibit A filed as containing the matter published in the News is not a copy of the petition or its allegations in form, but is a somewhat condensed report of the same, and substantially restates the alleged libelous allegations of the bill extracted and copied in plaintiff's petition herein as well as other allegations not extracted nor declared on by plaintiff.

Defendants filed a general demurrer to the petition and special exceptions, among which was one that the publication complained of was privileged, being by petition to a court of competent jurisdiction for injunction and to appoint a receiver for the Island City Ice Company. The court sustained the exceptions, and plaintiffs declining to amend, the cause was dismissed. The case comes here by appeal from this judgment of dismissal, with various assignments of error calling in question the correctness of the court's ruling.

The first and most important question raised by the assignments of error is, Were the allegations set out and declared on as libelous privileged, contained as they were in a petition or bill for injunction and for the appointment of a receiver, and so far privileged that an action for libel can not be maintained upon them, notwithstanding they are false and malicious and were made under cover and pretense of a suit without right?

The object of the bill was to prevent a sale or other disposition of the property of the ice company at a sacrifice, to appoint a receiver, and have the business wound up. It does not appear to us that the allegations declared on as libelous were irrelevant, or impertinent, or foreign to the end in view. It gives a history of alleged unlawful acts of the officers, assented to by the directory, plaintiff in the suit being one of the directors, in order to show that there was a concerted scheme among them to reduce the value of the stock and enable them to buy it in and control the company's affairs, and finally sell out its property to pay a doubtful debt for their own benefit, and thus effectually destroy all the interests of the small shareholders. It does not go outside of pertinent matters to make charges against the persons alleged to be leagued together to accomplish such design. It denominates the acts complained of as "a fraud," "a wrong," and "an injury," sufficient to invoke the equity powers of the court and to authorize the relief sought. The bill was filed in a court of competent jurisdiction.

The demurrer and exceptions to plaintiff's suit admit that all the allegations declared on in the bill were maliciously false. There are two classes of privileged publications, absolutely privileged and conditionally privileged. It is the occasion on which any publication is made that

gives it privilege. Proceedings in courts of justice, legislative proceedings, and petitions and memorials to Legislatures are said to be absolutely privileged. Towns. on Slander and Libel, sec. 209 and note 2; Id., secs. 217, 221; Stark. on Libel and Slander, sec. 669, top p. 676.

Where the privilege is conditional only it is a prima facie defense to the action, but such defense may be overcome and rebutted by proof of actual malice and the falsity of the charge. The cases of Holt v. Parsons, 23 Texas, 9, and Behee v. The Railroad, 71 Texas, 424, are cases of conditional privilege only. Bradstreet Co. v. Gill, *supra*, 115.

Where the privilege is absolute it is a complete defense and can not be rebutted or overcome by evidence that the publication was false and malicious. In Harstock v. Reddick, 6 Blackford, 255, where there had been accusation made by affidavit before a magistrate charging plaintiff with obtaining goods under false pretenses, the court declared the law to be that the person making such an affidavit was not subject to suit for libel therefor. The court said: "It makes no difference whether the charge be true or false or whether it be sufficient to effect its object, if it be made in the due course of a legal or judicial proceeding it is privileged and can not be the foundation of an action for defamation."

In Strauss v. Myer, 48 Illinois, 386, the libelous charges were made in a bill in chancery for injunction to prevent the execution of a trust in which it was alleged that the trustee's "general character for honesty was bad" and that he was an unfit and improper person to execute the trust. The court upheld the doctrine in Harstock v. Reddick, and said: "Numerous other authorities might be cited if this were a doubtful question, but reason as well as authority fully sustain the rule. If it were not so in almost every vigorously contested case one of the parties would render himself liable to an action for libel." Cook v. Hill, 3 Sandf., 341.

Garr v. Selden, 4 New York Court of Appeals, 93, is to the same effect. The scandalous matter was contained in an affidavit filed in a judicial investigation. In reference to it the court say: "If the matter of the affidavit were pertinent or material to the motion the law will not allow its truth or innocency to be drawn in question in an action for libel. It would not in that case be necessary to deny malice, as the law does not permit a party to allege in this form of action that the publication was false and malicious." Other authorities might be cited bearing more or less directly upon the point in support of the rule that proceedings in courts are absolutely privileged, but we deem it unnecessary to discuss them. The authorities are by no means uniform in support of the rule, some holding that the privilege of a pleading in a court of justice is only a prima facie privilege, and others qualifying the general rule to some extent. In one case where the accusation was that notes had been fraudulently altered with intent to defraud and swindle, upon which an action

for libel was brought, Chief Justice Marshall sustains the privilege, but says: "That words spoken or written in the course of justice and pertinent to a legal proceeding within the jurisdiction of the tribunal are not actionable though they be false, unless the proceedings were resorted to merely for the purpose of conveying the scandal and as a cover for the malice of the party and not in good faith as a remedy for the assertion of a right or the redress of a wrong." 11 B. Monr. (Ky.), 48.

We think the qualification made to the rule in the foregoing case and similar ones unsound. It destroys the distinction; it practically puts proceeedings of the courts upon the same footing as other conditional privileges. If pleadings are shown to be false and malicious it might well be concluded by a jury that they were employed as a cover and vehicle of defamation. The proof that would establish the facts of malice and falsity would also establish the other fact of a fictitious suit, and so there would be an end of the privilege as claimed. The distinction would be lost altogether. Mr. Townsend in his work on Slander and Libel says: "The right of appealing to the civil tribunals is more extensive than the right of appealing to the criminal tribunals, for as to the former every one has the right with or without reasonable cause for so doing to prefer his complaint, and whatever he may allege in his pleading as or in connection with his ground of complaint can never give a right of action for slander or libel. * * * The rule as thus laid down has been doubted by some, and it has been said that if the tribunal to which the complaint be made has no jurisdiction of the subject matter, or if the defamatory matter be irrelevant to the matter in hand, or if the party complaining or defending maliciously insert defamatory matter in his pleading, that in such cases the party aggrieved may maintain his action for slander or libel. Notwithstanding the dicta to the contrary we believe the better and the prevailing rule to be that for any defamatory matter contained in a pleading in a court of civil jurisdiction no action for libel can be maintained. The power possessed by the courts to strike out scandalous matter from proceedings before them and to punish as for contempt is considered a sufficient guaranty against the abuse of the privilege; but whatever may be the reason it seems certain that where there is a perversion of the privilege the policy of the law steps in and controls the individual right of redress." Towns. on Slander and Libel, sec. 221.

We adopt the foregoing as expressing our views upon the question. We believe it is and ought to be the law that proceedings in civil courts are absolutely privileged. Citizens ought to have the unqualified right to appeal to the civil courts for redress without the fear of being called to answer in damages for libel.

Where property is attached upon false charges, or where there is a malicious prosecution in a criminal court, the law affords ample remedies for the wrong done, but not by a suit for libel. No property was seized

in the case at bar, and we are of opinion the filing of the bill for injunc-tion and appointment of a receiver gave plaintiff no cause of action for libel or anything else.   Johnson v. King, 64 Texas, 232; Smith v. Ad-ams, 27 Texas, 30; Haldeman v. Chambers, 19 Texas, 53.

We have now to consider the report in the Galveston News.   It is al-leged to be a repetition of the allegations in the bill; it is filed with the petition and made a part of it; it contains a report of the suit, its object, the charges made, some of which are not declared on as libelous.   The petition does not point out any particular part of it as libelous, except by declaring it to be a repetition of matter published in the court pro-ceeding.   It is not clear that the plaintiff intended to declare on it as a distinct cause of action, as nothing in it is set out *in hæc verba*, as re-quired in petition for libel (Bradstreet Co. v. Gill, *supra*, 115); it is very probable it was mentioned as mere matter of aggravation.   The only way in which the report in the News is alleged is that the slanderous matter before set out was repeated by publication in the News.

We do not think it would be correct pleading to borrow from former allegations and so set up a distinct and independent cause of action, but if it could be done the filed exhibit showing what was published in the paper does not verify the allegation that it was a repetition of the mat-ters before alleged.   On the contrary it is a synpopsis of the matter be-fore alleged in different language and contains much more matter of a slanderous character connected with the bill.   The very language relied on as libelous must be set out in a petition for libel, not the substance and meaning of the language.   The office of the innuendo is to show the effect and meaning of the language.   Bradstreet Co. v. Gill, *supra*, 115. The cause of action consists in the language written.

Again, if the counts as to the newspaper publication were relied on as an independent cause of action they are insufficient for the purpose, be-cause they do not lay the basis for damages as to amount resulting from this publication alone.   It is connected and blended with the alleged wrong of publishing by the filing of the bill in court, and the prayer is for $10,000 on account of "the several grievances aforesaid."   There is no measure or limit of damages set up or claimed for the particular griev-ance by the newspaper publication.   The court is not advised as to what part of the $10,000 claimed as special damages results from the news-paper publication, and could not say where a verdict should stop, or what amount it might reach for this distinct cause of action, if it be one.   The verdict must respond to the issues and the judgment must conform to the pleadings.   Revised Statutes, arts. 1327, 1335.   Upon this count there is no guide for either.   The discussion of this question may have been needless, for as before said the allegations were probably intended as matter of aggravation.   We thought it best to notice it lest it might be supposed we had overlooked it.   If it was intended as an additional cause of action

it was bad on general demurrer, and the court did not err in so holding.

We conclude that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted February 5, 1889.