### BULL v. COLLINS.
No. 1005.

Court of Civil Appeals of Texas. Eastland.
Oct. 28, 1932.

Rehearing Denied Nov. 25, 1932.

Thomas & McDonald, of Big Spring, for appellant.

Woodward & Coffee, of Big Spring, for appellee.

FUNDERBURK, J.

This is a suit to recover damages for slander. The allegations undertaking to set forth the defamatory words, in so far as same constituted the basis of the judgment below, were that " * * * the defendant (i. e., A. R. Collins) accused the plaintiff herein (i. e., R. L. Bull) of embezzlement and theft, making the statement that $15.00 had been missed from one of the drug stores and that either the plaintiff herein or another one of the employees, Harmon Morrison, Jr., had taken the said money." It was alleged that by such statement was meant that "they had stolen it." There were other alleged defamatory statements which, since no evidence was introduced to support same, can be disregarded except to sus-

tain, if necessary, the sufficiency of the pleading to state a cause of action, a question as to which, however, no assignment of error is presented. The only allegations of a publication were to the effect that said statement was made in the presence of said Harmon Morrison, Jr., and repeated, substantially, in the presence of G. A. Woodward, the defendant's attorney. Upon a trial, after issues duly joined, the court gave a peremptory instruction for the defendant. From the judgment rendered in accordance therewith, the plaintiff has appealed.

■ The first question presented is whether the court erred in instructing a verdict for the appellee. It seems to be conceded that the alleged defamatory words were uttered under circumstances constituting the same qualifiedly privileged. The burden upon appellant to support by proof the issues necessary for a recovery included at least the following: (1) That the alleged slanderous words were uttered substantially as averred; (2) that they were defamatory (i. e., that they in fact had the effect to charge plaintiff with the theft of the money); (3) that they were uttered in the hearing of one or more third persons capable of understanding their defamatory import; (4) that they were actuated by malice; and (5) the facts to show the amount of damages. If there was no evidence upon any one or more of these issues, except perhaps the last, as to which as against a peremptory instruction nominal damages might be presumed, the peremptory instruction was correct, notwithstanding the existence of evidence to support one or more of the other issues.

■ In considering the existence of evidence to support the alleged slanderous utterances or statements, it is proper to disregard as having no important bearing the allegation that " * * * the defendant accused the plaintiff herein of embezzlement and theft." Standing alone, that allegation would be insufficient to charge slander. If it were the only allegation of defamatory words, the petition would be subject to general demurrer. The allegation is not the averment of any fact or facts, but simply of the legal effect of language, not even the substance of which is alleged. As said, in substance in Rio Grande Valley Gas Co. v. Caskey (Tex. Civ. App.) 33 S.W.(2d) 848, plaintiff's petition must allege the language claimed to have been libelous or slanderous and not the legal effect of same, or else the pleading will be subject to general demurrer. Bradstreet Co. v. Gill, 72 Tex. 115, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768; Runge v. Franklin, 72 Tex. 585, 10 S. W. 721, 3 L. R. A. 417, 13 Am. St. Rep. 833; Henderson v. Credit Clearing House (Tex. Civ. App.) 204 S. W. 370; Evans v. McKay (Tex. Civ. App.) 212 S. W. 680.

■ The allegation by which the existence of evidence to support same must be tested is that immediately following the above, namely, "making the statement that $15.00 had been missed from one of the drug stores and that either the plaintiff herein or another one of the employees, Harmon Morrison, Jr., had taken the said money."

The only testimony to support this alleged defamatory matter last quoted was as follows: Plaintiff testified that he could not repeat the exact language of the defendant, claimed to be slanderous, but that he could fairly well repeat the substance thereof, which was: "I don't understand about this money; you two (i. e., plaintiff and Harmon Morrison, Jr.) are the only ones, the only ones that handled it, (referring to the money), and it must be one of you two that did it. * * * He said, 'Harmon gave it to you and you receipted for it; either Harmon took it before you left or it got up here some other way.' * * * He left saying it was either Harmon Morrison or me, one of us, that was responsible for handling the money. * * * He said, 'the way I see it, one of you two must have handled this money,' and he said 'I want an explanation.' "

Harmon Morrison, Jr., after being asked to state, in substance, if he could not in the exact words, what Collins said, testified: "He said that there was some money missing and that Mr. Bull or myself were responsible for this, and he wanted an explanation. * * * He told us 'one of us had taken the money.' " The time and place of the last statement was several hours later, in the law office of G. A. Woodward. The above is a fair statement, we think, of all the testimony, if any, tending to show that Collins uttered the alleged defamatory words. The only evidence to show a publication was to the same general effect as the allegations of that fact stated above.

From the above statement of the pleading and the evidence it appears, we think, that there was no evidence to show that the defendant accused the plaintiff of the theft of the money. Words importing an accusation that either A or B stole money, without indicating whether the one or the other, are not sufficient to charge that A stole the money. The clear implication of the language is that both did not steal it. There would be no more warrant for saying in such a case that A stole it than that B stole it. If the pleading can be held to allege slander, then it must be by construing the defamatory words to mean that A stole the money. The proof must be to the same effect. If the proof, while plainly implying that both A and B did not steal the money, indicates no more that it was A than that it was B, it simply fails to support the allegation. The controlling principle is correctly stated, we think, in Corpus Juris,

as follows: "Words spoken of one of two plaintiffs will not support an averment spoken of both plaintiffs." 37 C. J. p. 68. The defamatory words in question can admit of no other construction than that, if they were spoken concerning Bull, they were just as certainly also spoken concerning Morrison. The proof offered simply failed to show that they were spoken of the plaintiff or any other particular person.

■ If it should be granted that the evidence raised as an issue of fact for the jury, that the alleged defamatory words were spoken of the plaintiff, still we think there was no evidence of their publication. As already said, if the alleged slanderous words constituted an accusation against plaintiff, they at the same time also constituted an accusation against Morrison. They were spoken only in the presence and hearing of plaintiff and Morrison. In determining whether there was any publication, both plaintiff and Morrison must be treated as principals. It is not a publication to speak the slanderous words only in the presence and hearing of the persons slandered. Harbison v. Chicago, R. I. & P. Ry. Co., 327 Mo. 440, 37 S.W.(2d) 609, 79 A. L. R. 1. Evidence to the effect that the alleged slanderous words were repeated in the presence of G. A. Woodward admits of no other conclusion, we think, than that such repetition of the words in the presence and hearing of Woodward was during a conference of all the parties with Woodward, the attorney for defendant, in which the attorney's opinion was sought, among other things, as to whether the words in question were of a slanderous nature. The conference appears to have been voluntary on the part of all, and its very purpose implied the necessity of repeating to the attorney the alleged defamatory words. We think that the mere repetition of the words under such circumstances, and a fair construction of the testimony shows no more, would not constitute a publication within the meaning of that term in the law of slander. There was no evidence that the original utterance of the words was in the presence or hearing of Woodward.

It is unnecessary for us to determine whether there was any evidence of malice. If it be granted that there was, the fact would not, for the reasons already stated, affect the question of the correctness of the peremptory instruction.

■ The plaintiff's petition sufficiently pleaded malice. The portion of the pleading to which exception was sustained was but an allegation of particular evidence going to show malice. There was therefore, we think, no error in sustaining the exception. We do not determine whether the evidence would have been admissible. Good

pleading forbids allegations of the evidence by which an issue of fact is to be established. The effect of sustaining the exception was but to correct the pleading to conform to this rule.

Being of the opinion that there was no error in the action of the court, and that the judgment should be affirmed, it is accordingly so ordered.