## ROSE v. MOTES.
### No. 12089.

Court of Civil Appeals of Texas.   Galveston.
May 12, 1949.

Ranseler O. Wyatt, of Houston, for appellant.

John Bradshaw, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought in the County Court at Law of Harris County by appellant, W. B. Rose, d/b/a Houston Liquidating Agency, as assignee of the Trustee in Bankruptcy of the partnership of C. O. and B. W. White, who did business as Tri States Electric Supply Company, for recovery of the sum of $541.72, which sum was alleged to be due for merchandise sold and delivered to J. H. Motes, T. L. Coston and J. L. Beckley, who were then doing business as Cosmo Armature Works.   ·

The action, which was brought on open account, was verified by appellant as provided by Rule 185, T.R.C.P.   No answers were filed by either T. L. Coston or J. L. Beckley.   Appellee J. H. Motes answered by general denial which was not verified under oath, and by setoff in which he claimed that he had either paid debts of Tri States Electric Company aggregating the sum of $580.93, or that he had become liable therefor.

A trial before the court resulted in judgment for appellee.

The controlling issue presented on the appeal is whether appellee J. H. Motes was entitled to set off the accounts of the Caliente Stove Manufacturing Company, a bankrupt firm, of which he was a partner, against appellant's claim in the absence of pleading and proof that the claim upon which appellant's suit was based was mutual or that plaintiff in the trial court had assumed the claims set up by appellee as an offset.

The material facts in the case are substantially as plead. It is undisputed that the claims sued on were accounts of Tri States Electric Company, duly verified, for merchandise sold and delivered to Cosmo Armature Works, of which appellee was a partner. Neither appellant nor Cosmo Armature Works were connected in the ownership of the partnerships operated as Caliente Stove Manufacturing Company or Tri States Electric Company. Appellee contends that he paid the items claimed as a setoff for the benefit of Caliente Stove Manufacturing Company, a firm in which he was a partner, and for which he was jointly and severally liable as a member of the partnership if they were not paid.

In 32 Tex.Jur., Sec. 122, P. 408, it is said that: "Two distinct partnerships with the same members are not identical for the purpose of allowing one's demands to be set off against the other's."

In 38 Tex.Jur., Sec. 36, P. 360, it is said: "It has been held that a debt arising from a pre-existing partnership cannot be set off against an individual claim of one of the former partners against another, where there were more than two partners and there has been no final settlement of the partnership affairs, since under such circumstances the debt is not due to the partner who is sued in his individual right, but jointly to him and the other partner or partners." And in the same volume, at Pages 357 and 358, it is said that: "It is a general rule that a claim against an individual partner cannot be set off against a debt or demand in favor of the partnership, in the absence of authority from the partnership. This is the rule both because there is a want of mutuality between the two demands, and because the effect of allowing such a set-off would be to permit an indirect application of partnership assets to the payment of the private debts of one of the individual partners."

It is undisputed in this case that there was no accounting of the partnership assets of any of the firms involved in this action, and that there was no agreement by the partners in any of such firms to the effect that the claims or accounts of the partnerships could be set off by any of the partners to the payment of either his individual or the partnership debts.

In the case of Greene v. Condor Petroleum Company, Tex.Civ.App., 121 S.W.2d 381, 383, in a suit between partners, the Court, quoting with approval from 47 Corp.Jur., P. 804, Sec. 251, said:

"An accounting and settlement between copartners is a condition precedent to an action by one against another upon partnership claims and transactions for the following principal reasons: (1) A dispute of this nature ordinarily involves the taking of a partnership account; for, until that is taken, it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. * * * (4) One partner does not own or have a right to any specific portion of the partnership property."

In 38 Tex.Jur., 316, Sec. 19, it is said:

"In order that a claim may be pleaded as a set-off or counter claim, or by way of reconvention or cross-action, there must be a subsisting cause of action in favor of the defendant upon which he could have maintained an independent suit against the plaintiff."

In 93 A.L.R. 293, it is stated:

"As a general rule a partner against whom an action is brought by another partner upon a transaction separate from, or independent of, the partnership business cannot, where there is an existing or an unsettled partnership, or as it has been said,

in the absence of a final accounting, claim as a setoff any sum based upon a claim arising out of partnership business or transactions."

■ In the case of Thompson et al. v. Prince, Tex.Civ.App., 126 S.W.2d 574, (w/e ref.), the facts are similar in many respects to those in the instant case. In that case it was held that in order to authorize the offset of one claim against another, the demands must be mutual—that is, they must be between the same parties and must be due in the same capacity or right. 38 Tex. Jur. 349. In an appropriate proceeding the defendants might be entitled to an accounting and to contribution from the other subscribers to the exchange, but they were not entitled to offset the claim of the policy holders as asserted by the receiver with their claim for contribution against the other subscribers. Citing authorities.

■ In the instant case appellee's setoff is based on certain itemized debts which are claimed to have been paid by him, or for which he is obligated. The record does not disclose what portion of said indebtedness appellee was entitled to and the portion thereof chargeable to the other partners. The claim asserted in the cross action is not a liquidated claim and was not a subsisting cause of action upon which he could have maintained an independent suit against Tri States Electric Supply Company or the individual partners thereof.

Under these facts and the authorities cited the judgment of the trial court must be reversed and judgment here rendered in favor of appellant. It will be so ordered.