Jack FROST et al., Appellants,

v.

Eugene DE BOGORY et al., Appellees.

No. 15074.

Court of Civil Appeals of Texas.

Dallas.

May 11, 1956.

Willis & Willis, Morris Harrell and W. B. Harrell, Dallas, for appellants.

John W. Miller, Dallas, for appellees.

YOUNG, Justice.

In suit No. 72658–A pending in Dallas County District Court, Eugene DeBogory seeks to recover lands of Jack Frost, D. Harold Byrd and Burette Byrd, and damages for breach of contractual and fiduciary relations; the latter defendants answering and in connection therewith alleging cross-actions for libel because of false and slanderous statements made in DeBogory's original petition, not relevant and pertinent to his cause of action, but willfully and maliciously made with design to injure these

defendants or cross-plaintiffs. Upon exceptions, plea in abatement, and motion to dismiss by DeBogory and hearing thereon, same were sustained and cross-actions dismissed; from which ruling of the court this appeal is taken.

Prior history of the litigation should be stated, as sufficiently outlined in brief of appellants: On December 5, 1952 Eugene DeBogory filed this suit against Frost, Harold and Burette Byrd, asserting the following cause of action: That on April 10, 1934 he had contracted with Dalco Investment Company to purchase a judgment in favor of that Company against Dallas County Levee Improvement District No. 2 and certain bonds of the Levee District owned by the Investment Company which were in default; that acquisition of the bonds was virtually the acquisition of a portion of lands of the Levee District; the ultimate purpose being to acquire title to the lands; that on the same date Eugene DeBogory contracted with Jack Frost and D. Harold Byrd to effect that such parties would advance money for purchase of the defaulted bonds with the understanding that with the return of advances in full, they would convey ⅜ths of the land (benefits) to DeBogory and ⅛th to J. A. Humphrey (an interest later assigned to DeBogory). That Byrd and Frost had employed DeBogory to foreclose the tax liens on the lands, with titles thereto as acquired placed in name of Jack Frost, trustee.

Further allegations of said original petition were that shortly after acquisition of the lands, Jack Frost, Harold Byrd and Burette Byrd had entered into a conspiracy to defraud DeBogory of benefits of his contract by commencing a reckless and irresponsible expenditure of money; among other things: "Securing 'Five Percenter' to represent D. Harold Byrd and Jack Frost in Washington, D. C., and through whose efforts $93,000.00 was obtained from the Federal Government, to repair the levees, by a fraud practiced on the Government and this plaintiff. * * * it was falsely represented to the Government that $93,000.00 was necessary to repair such levees, whereas the truth of the fact no such fund was necessary or expended"; that Jack Frost

and D. Harold Byrd "Paid the 'Five Percenters' a fee of $5,000.00"; that "In fraud of the Government and this plaintiff, the defendants procured, by the use of bribes and other means * * * the issuance of crop insurance * * * and collected $14,000.00 from the Government on said insurance"; that "Plaintiff disclaims any interest in and to the said $14,000.00 so fraudulently acquired by the defendants and collected by said defendants from the United States Government by virtue of fraud, deception, and undue influence practiced on the Governmental Agency * * *. No serious attempt was made by any of the defendants to carry forward their solemn obligation, imposed upon them by virtue of the trustee relationship * * * in operating said properties in an efficient manner * * * that instead * * * the defendants used their said plan and scheme as a vehicle to show losses, in order to defraud the United States Government of income taxes." Plaintiff then prayed for recovery "of and from all defendants the land herein described" and for general relief. The petition was signed "DeBogory & DeBogory, by Larry DeBogory."

Each of the defendants, appellants here, filed separate answers and cross-actions against Eugene and Larry DeBogory alleging that said original petition had charged cross-plaintiffs with the commission of crimes which cross-defendants knew to be false; that such allegations were not relevant or pertinent to DeBogory's suit for recovery of title to the lands; were libelous and slanderous per se, wantonly, maliciously, and contemptuously made with design to injure cross-plaintiffs. On May 5, 1955 Eugene DeBogory filed his first amended original petition, not including any of the matters alleged in original petition which appellants, as cross-plaintiffs, had charged to be libelous and made the basis of their cross-actions; appellants renewing and bringing forward said cross-actions in separate amended answers.

On later pretrial of these cross-actions, DeBogory's exceptions, motions to dismiss, and pleas in abatement addressed thereto were, in substance: That the allegations

claimed to be libelous, were "Absolutely privileged, based solely upon documents filed in this action, a judicial proceeding"; that said allegations "sound in tort and is (are) not connected with nor does it (do they) arise from the contracts which are the subject matter of plaintiff's cause of action as alleged in the petition herein" and that same should be dismissed for misjoinder of defendants and because they insufficiently stated a cause of action. These pleas, exceptions, etc., were sustained and cross-actions dismissed, with resulting appeal from said court order of dismissal.

■ Appellees assert that the order complained of was proper on the grounds stated; and further that same was interlocutory only, and not appealable; no disposition having been made of plaintiff's main action; citing 3-A Tex.Jur., p. 130; Chambers v. Jones, Tex.Civ.App., 101 S.W.2d 836, for such general rule. Rule 97, Counterclaim and Cross-Claim, subd. (g), Texas Civil Procedure, is also invoked, providing that: "Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same." In the same connection the rule is well settled that the term "set-off and counterclaim" implies reciprocal demands existing between the same persons at the same time. 47 Am.Jur., p. 746; 38 Tex.Jur., pp. 349, 350; Rose v. Motes, Tex.Civ.App., 220 S.W.2d 734.

■ Appellants' action for libel impleads a new party (Larry DeBogory), and in their brief they say that the matters claimed as libelous are foreign to the contracts and documents that the original plaintiff relies upon in his suit for title to the lands,—clearly a separate and independent demand and not maintainable by way of set-off and counterclaim. Under our rules of procedure, however, it does not follow that same was properly the subject of a summary dismissal. Rule 41, T.C.P., provides in part: "Misjoinder and Non-Joinder of Parties. Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped

or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately."

■ From our Supreme Court construction of above rule in Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 732, the trial court should have proceeded no further in the instant case than to declare a misjoinder of actions and order a severance of appellants' independent suit claiming libel. In the Landers appeal, upon finding of misjoinder of parties and actions, the Court had ordered a severance, dismissing the cause upon plaintiff's refusal to replead. In such connection the Court held:

"When the trial judge sustained the pleas in abatement he did not dismiss the suit as he would have done before the adoption of Texas Rules of Civil Procedure, but rather ordered a severance, leaving on the docket under the original cause number, 10472, that part of the suit seeking injunctive relief against both defendants, ordering that plaintiff's suit for damages against Sun Oil Company be docketed as Cause Number 10472A and that his suit for damages against East Texas Salt Water Disposal Company be docketed as Number 10472B. Plaintiff excepted to the action of the court and declined to replead his case. His cause of action for damages was thereupon dismissed. * * *

"A plea of misjoinder, though sustained, can no longer in itself result in a dismissal. Rule 41, T.R.C.P., specifically so provides. Assuming that there was a misjoinder of parties and causes of action, the order entered by the

trial court was in all respects in keeping with the provisions of Rule 41, and was perfectly proper."

And concerning appellees' motion to dismiss appeal, the court order is surely final as regards all parties and subject matter in appellants' misjoined and independent cause of action charging libel; and the conclusion of appealability reached in Moran v. Midland Farms Co., Tex.Civ.App., 282 S.W. 608 (writ dis.), and Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438, is likewise applicable here. "A judgment is appealable only when it disposes of all parties or disposes of some independent severable interest, issue, or right." Maxfield v. Dunagan, Tex.Civ. App., 254 S.W.2d 150, syl. 4.

■ Further points and counterpoints discuss at length the basic laws of libel relative to the facts and circumstances of appellants' cross-action, so-called (—an independent suit which should be severed and receive a separate trial). It is appellants' contention that the quoted allegations contained in the DeBogory original petition relate to matters foreign to that action for breach of contract and therefore libelous; appellees in reply claiming absolute privilege of statements made or asserted in course of a judicial proceeding; and that the rule of non-liability prevails even if the allegations be irrelevant and impertinent to the issues of appellees' main suit; and rely upon Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909.[1] Relative to the questions of law thus posed, we deem it inappropriate to say more than that the principle controlling of the libel action in question is well stated in Taylor v. Iowa Park Gin Co., Tex.Civ.App., 199 S.W. 853, 855:

"The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial."

The judgment of dismissal of cross-action is reversed and remanded to the trial court where severance may be ordered rather than dismissal of cross-action.

1. In Reagan's appeal, [140 Tex. 105, 166 S.W.2d 913] the Supreme Court quoted the following from 27 Tex.Jur., p. 645: "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, *and the rule of nonreliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case.*" (Emphasis ours.) Appellants say that the emphasized language is dicta in so far as the Reagan case was concerned, deciding nothing; and has not been followed in any Texas decisions; the authorities cited by Judge Critz in fact holding to the contrary; for instance, Runge v. Franklin, 72 Tex. 585, 10 S.W. 721, 3 L.R.A. 417; Koehler v. Dubose, Tex.Civ.App., 200 S.W. 238; Baten v. Houston Oil Co., Tex.Civ. App., 217 S.W. 394; and Tsesmelis v. Sinton State Bank, Tex.Com.App., 53 S.W. 2d 461, 464, 85 A.L.R. 319, which latter case states inter alia that *"Motions and affidavits filed in a civil case before a court having jurisdiction are absolutely privileged, provided the matter contained therein is either relevant or pertinent to the issue."* (Emphasis ours.)