

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 25, 1975

The Honorable Chet Brooks
Chairman, Senate Committee on
  Human Resources
Senate Chamber
Austin, Texas 78711

Opinion No. H- 565

Re: Whether the Department
of Health may include
adopted and illegitimate
children on lists of children
to be included in the immuniza-
tion program so long as the
list contains no indication of
parentage or adoption.

Dear Senator Brooks:

    You have requested our opinion as to whether the Department
of Health may exclude the names of illegitimate and adopted children
from the lists of children to be included in the State Infant Immuniza-
tion Program. In your request letter you note that the Department
has determined that Rule 47A of article 4477, V. T. C. S., requires
such an exclusion.

    We understand that the Infant Immunization Program, which
is operated pursuant to section 2.09 of the Education Code, is administered
in part by sending a notice addressed "To the Parents of . . . ." which
contains information concerning the Program. The list of persons to be
so notified and their addresses is obtained from the State Registrar
who in turn is provided the information by the various hospitals. The
problem arises when the mother of an illegitimate child gives her address
as that of another person whom she would prefer have no knowledge of the
birth. The Department of Health, out of concern for the mother's right
of privacy and in light of article 4477, therefore excludes the mother of
an illegitimate child from its mailing list.

    Rule 47A of article 4477 provides in part:

> The state registrar, county clerk, or local
> registrar shall not issue a certified copy dis-
> closing illegitimacy or otherwise disclose
> illegitimacy unless the issuance of the certified
> copy or the disclosure is authorized by order of
> the county court of the county in which the birth,
> death, or fetal death occurred.

We need not decide whether use of the notice by the State Department of Health constitutes a disclosure of a child's illegitimate status since we believe all children have a right to the benefits of the program. We perceive no rational basis for the exclusion of illegitimate children from the program; an illegitimate child is as equally in need of immunization as a legitimate child. See, Gomez v. Perez, 409 U.S. 535 (1973); Weber v. Aetna Casualty & Surety Co., 406 U.S. 164 (1972); Levy v. Louisiana, 391 U.S. 68 (1968); Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73 (1968). It is therefore our opinion that this exclusion violates the equal protection clause of the Fourteenth Amendment to the federal Constitution and that the Department of Health must include illegitimate children in its Immunization Program.

The Department of Health has expressed concern over invasion of the mother's right of privacy. The right of privacy has been defined in part as "the publicizing of one's private affairs with which the public has no legitimate concern." Billings v. Atkinson, 489 S.W.2d 858 (Tex. Sup. 1973), citing 62 Am. Jur. 2d, Privacy § 1.

Without determining the extent of the privacy issue, we observe that any problems involving the invasion of the mother's right of privacy can be avoided by the adoption of procedures reasonably calculated to avoid publication of information on the birth. Such procedures would also satisfy any problems which might exist concerning disclosure of illegitimacy. The post cards presently in use may constitute a "publication" of information on the birth of the child. Ostro v. Safir, 1 N.Y.S.2d 377 (Sup. Ct. N.Y. County 1937). However, it is generally held that the mailing of information to the concerned party within an envelope is not a publication of that information. 53 C.J.S. Libel and Slander § 82. See, Bull v. Collins, 54 S.W.2d 870 (Tex. Civ. App. --Eastland 1932, no writ); Annot., 24 A.L.R. 237 (1923); Annot., 46 A.L.R. 562 (1927). The notices can be mailed in an envelope addressed to the parent by name rather than "To the parents of . . . . " Other precautions may involve informing the mother of the use to be made of the given address, inquiring as to whether the child will be placed for adoption, requesting an address to which the forms should be sent, etc.

You have also asked whether adopted children may be excluded from the Program. In our opinion there is no rational basis for classifying adopted children differently from others when such a classification results in the denial of the benefits of the Program. Of course, the adopting parents rather than the natural parents are the proper persons to be notified of the Program.

## SUMMARY

Adopted and illegitimate children may not be excluded from the State Infant Immunization Program. Reasonable precautions may be utilized to avoid a publication of information concerning the birth of a child so as to protect any right of privacy the mother may have.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee