**PAPER SUPPLY COMPANY et al.,**
**Relators,**

v.

**C. C. VAN METER et al., Respondents.**

**No. 15473.**

Court of Civil Appeals of Texas.

Dallas.

June 6, 1958.

Strasburger, Price, Kelton, Miller & Martin, Hobert Price, Dallas, for relators.

G. H. Kelsoe, Jr., Dallas, for respondents.

DIXON, Chief Justice.

Relators Paper Supply Company and Gene Hall have filed a petition asking that this Court issue a writ of mandamus to Honorable Paine L. Bush, Judge of the 68th District Court of Dallas County, Texas. Relators pray that we direct Judge Bush to hold a separate hearing on relators' plea in abatement and bar prior to a trial on the merits in Cause No. 13,844–C in the 68th District Court styled C. C. Van Meter and Lila Van Meter v. Paper Supply Company and Gene Hall. The plea in abatement and bar raises an issue of limitations.

The Van Meters, plaintiffs, filed suit against relators July 13, 1956 to recover damages alleged to have been sustained by Alice Van Meter (wife of C. C. Van Meter) and Lila Van Meter in an automobile collision which occurred May 20, 1953.

Relators' plea in abatement and in bar alleges that the suit was filed more than two years after the collision, therefore, is barred under our law of limitations.

Seeking to avoid relator's defense of limitations the Van Meters filed their first amended petition in which they allege that because of the delicate nature and type of brain injury suffered by Lila Van Meter, a long period of time was needed to ascertain the extent of her injuries. This fact was communicated to relators' agents, Leeper and Withrow, who, it is alleged, told the Van Meters that no time limit would be applicable to plaintiffs' asserting their claims for injuries and damages even if it took years to do so. It is further alleged that said agents stated that they could not settle Alice Van Meter's claims without settling Lila Van Meter's claims at the same time, so just to wait until Lila's injuries and the extent of same were fully known before asserting any of plaintiffs' claims or causes of action even if it took years. The Van Meters allege that they relied on these representations, that it was more than two years before the extent of Lila's injuries were ascertained, and that consequently they had allowed more than two years to elapse before filing suit. Because thereof, the Van Meters assert, relators have waived the Statute of Limitations and are estopped to plead same.

Following the filing of the foregoing pleading by the Van Meters, relators filed a motion for a separate hearing on their plea in abatement and in bar. In their motion relators allege that National Automobile and Casualty Insurance Company is carrier of liability insurance in behalf of relators; and that the agents named in the defensive plea of the Van Meters are: Alonzo V. Leeper, a claims adjuster who investigated the matter for the insurance company, and Frank B. Withrow, who is a claims manager for said insurance company. The evidence on the issue of limitations, say relators, will undoubtedly disclose to the jury the existence of liability insurance coverage on the part of relators, greatly to relators' prejudice. In connection with its motion for a separate hearing on the limitations issue, relators aver their willingness to try the case on its merits immediately following the hearing.

The foregoing motion for a separate hearing was presented to the trial court on November 18, 1957 but was not acted on until April 28, 1958 at which time the motion for a separate hearing was overruled. This was only one week before the case was set for trial May 5, 1958 on the merits. Relators' petition for a writ of mandamus was filed in this court May 2, 1958. As this gave us insufficient time to consider relators' petition, we issued our order staying the trial on the merits until we could reach a decision with reference to the petition for mandamus.

■ We are inclined to the opinion that it was probably reversible error for the court to overrule relators' motion for a separate hearing on its plea in abatement and in bar involving limitations. Ordinarily such decisions lie within the discretion of the trial court, but there are limits to such discretion. Womack v. Berry, Tex., 291 S.W.2d 677; Larsen v. Powell, D.C., 16 F.R.D. 322; Meridith v. Massie, Tex.Civ.App., 173 S.W.2d 799.

■ However if it is error it is not one we may pass on at this time in connection with relators' petition for mandamus, for it is an error which may be properly remedied on appeal following a trial on the merits. If the trial court had proceeded to trial on the merits beginning May 5, 1958 as it had intended, or if it should proceed to trial at any time in the reasonably near future without having held a separate hearing on relators' plea in abatement and bar, such action could have been and may be made the subject of an exception and point on appeal, should the judgment be adverse to relators. Iley v. Hughes, Tex., 311 S.W. 2d 648; 28 Tex.Jur. 530.

Relators rely on the case of Womack v. Berry, Tex., 291 S.W.2d 677, 683. Though that case is authority for holding that there is a limit to the discretion vested in trial courts in matters of severance, it is not authority for the issuance of a writ of mandamus under the particular circumstances disclosed in this case. In the first place the

jurisdiction of the Supreme Court to entertain applications for mandamus is broader than is the jurisdiction of this court. Knox v. Craven, Tex.Civ.App., 248 S.W.2d 955, 958; 28 Tex.Jur. 592, 601.

Further, the opinion in the Womack case contains this significant statement: *"If it also appears that the injustice resulting from such refusal cannot later be remedied by appeal,* the action of the court is subject to control by mandamus." (Emphasis ours.)

Since it appears that the alleged error involved in relators' petition for mandamus can be remedied by appeal, we must decline to issue the writ.