Emma Carter McKINNEY by and through her next friend Maudie Smith, joined pro forma by her husband, Tom Smith, Appellant,

v.

Mae McKinney GAISER and husband, Richard Gaiser, Appellees.

No. 7490.

Court of Civil Appeals of Texas.

Texarkana.

March 12, 1963.

Rehearing Denied April 9, 1963.

Kenneth R. King, Tyler, for appellant.

Charles H. Clark: Lawrence & Lawrence, Tyler, for appellees.

FANNING, Justice.

On July 21, 1961, Emma Carter McKinney, a widow, executed a deed conveying two tracts of land in Smith County, Texas, to her daughter, Mae McKinney Gaiser, in which deed the consideration recited was "for and in consideration of the love and affection I hold for my daughter, and in partial recognition of the loving care and affection she has given me over the past (14) years."

On January 12, 1962, Maudie Smith (a daughter of Mrs. Emma Carter McKinney) joined pro forma by her husband Tom Smith, as next friend for Emma Carter McKinney, filed suit in cause No. 62–20, against Mae McKinney Gaiser and husband Richard Gaiser, seeking to cancel the above referred to deed on the ground that Emma Carter McKinney was mentally incompetent to execute the conveyance. The Gaisers answered said suit on January 31, 1962, and on May 14, 1962 filed a cross-action in said suit against the Smiths, alleging that Mrs. McKinney was mentally competent to execute the deed in question and seeking judgment that the court declare the deed in question to be valid. On May 14, 1962, the Smiths requested the trial court to dismiss their suit in cause No. 62–20, which motion was granted by the trial court.

On July 26, 1962, the Gaisers in said cause No. 62–20 filed their first amended petition and cross-action seeking affirmative relief against the Smiths and Emma Carter McKinney, alleging that Mrs. McKinney was mentally competent to execute the deed in question, and seeking judgment that the court declare the deed to be valid.

On July 30, 1962, the Gaisers filed a motion to dismiss their suit as against the defendants Maudie Smith and Tom Smith, which motion was granted by the trial court.

On July 30, 1962, Emma Carter McKinney, through her attorney of record in said cause No. 62–20, filed an answer to Defendants-Cross Plaintiffs Gaisers' First Amended Petition and cross-action.

On July 30, 1962, Maudie Smith, joined pro forma by her husband Tom Smith, as next friend for Emma Carter McKinney, by their attorney of record, filed another petition in said cause No. 62–20, seeking cancellation of the deed in question, alleging that Mrs. McKinney was mentally incompetent to execute the same.

Cause No. 62–323 involving the same parties and same subject matter as cause No. 62–20, was filed on May 14, 1962, and was pending on July 30, 1962, when Maudie Smith, as next friend for Emma Carter McKinney, through her attorney, orally moved that the said two causes be consolidated, which motion was denied by the trial court.

On July 30, 1962, in said cause No. 62–20, in a trial before the court without a jury, the trial court found to the effect that Emma Carter McKinney was mentally competent to execute the deed in question and held the deed to be valid and rendered judgment in favor of the Gaisers. Maudie Smith, as next friend of Emma Carter McKinney, filed a motion for new trial which was overruled. Maudie Smith, as next friend for Emma Carter McKinney, has appealed.

■ Appellant presents two points on appeal. By her first point appellant contends that the trial court erred in refusing to consolidate cause No. 62–20 with cause No. 62–323. The same matters involved in cause No. 62–20 were also involved in cause No. 62–323, involving the mental competency of Mrs. McKinney and the validity of the deed in question. In McDonald et al. v. Follett et al., Tex.Civ.App., 193 S.W.2d 287, wr. ref., it was held that the consolidation of two causes involving the same matters was discretionary with the trial court. It was also stated by the Supreme Court of Texas in Womack v. Berry et al., 156 Tex. 44, 291 S.W.2d 677, in part as follows:

"The Rules of Civil Procedure bestow upon trial courts broad discretion in the matter of consolidation and severance of causes, and the trial court's

action in such procedural matters will not be disturbed on appeal except for abuse of discretion. See Hamilton v. Hamilton, [154 Tex. 511], 280 S.W.2d 588."

We hold that under the record in this cause the trial court did not abuse its discretion in refusing to consolidate cause No. 62–20 with cause No. 62–323. Appellant's first point is overruled.

Appellant's second point is as follows:

"The Court erred in permitting Emma Carter McKinney to proceed to trial in that the said Emma Carter McKinney was not competent nor had the legal capacity at such time to be sued, to employ counsel or to properly prepare a defense to the action brought by Appellee."

■ The great weight and preponderance of the evidence strongly supports the trial court's finding that Emma Carter McKinney was mentally competent to execute the deed in question. The medical testimony in the case is to the effect that she was mentally competent to execute the deed. The attorney who drew the deed for her testified that he talked to her with reference to drawing the deed and observed Mrs. McKinney, and testified to the effect that in his opinion she was mentally competent to execute the deed. Emma Carter McKinney, who was alleged to be mentally incompetent by the Smiths, took the witness stand herself, and the trial court heard her testimony and had an opportunity to observe her demeanor and conduct on the witness stand. The testimony that Emma Carter McKinney gave on the witness stand is clear and coherent and is entirely compatible with the conclusion that she was mentally competent and it was her contention that she was competent to execute the deed and that she did so for the consideration expressed in the deed. The testimony offered at the trial and on the motion for new trial attacking the mental capacity of Emma Carter McKinney, if it had any

probative force, was of an unusually weak nature. Appellant's second point is overruled.

The judgment of the trial court is affirmed.