David L. JOHNSON et al., Appellants,

v.

PACKAGING CORPORATION OF
AMERICA, Appellee.

No. 16483.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1964.

**781**

Horace G. Goodrich, Dallas, for appellants.

Ethan B. Stroud and John R. Feather, Dallas, for appellee.

LANGDON, Justice.

This is a suit tried before a jury upon a corporate note personally endorsed by the appellants and in the alternative upon a note which was executed by the appellants pursuant to an agreement in renewal and extension of the original note. The appellants by way of answer alleged that prior to their endorsement of the original corporate note that an officer of the appellee promised they would not be held individually liable as guarantors on said note. By further answer they claimed that the obligation on said note had been assumed by a third party. Two years after the institution of this suit by the appellee the appellants filed a separate action against the third party alleged to have assumed their obligation on the original corporate note involved in this suit and sought to join the defendant in the latter suit by way of cross-action as a third party defendant in this suit. The trial court dismissed the third party action on motion of the third party and overruled appellants' plea in abatement based upon their suit against the third party. The execution of the corporate note by the appellants as corporate officers and their personal endorsements thereon were not denied nor was their execution of the note in renewal and extension of the original corporate note. Appellants' default on both notes is undisputed. After all evidence had been presented by the parties to this suit the trial court upon motion instructed the jury to return a verdict for the appellee and it did. Judgment was accordingly entered for the appellee. We affirm.

The alleged assumption of the obligations, made the basis of this suit, by some third party is totally immaterial to appellee's cause of action. There is no showing that the appellee was a party to the assumption agreement. It was based upon a separate transaction involving different parties and issues not material to the rights of appellee in the present suit. The court did not err in dismissing as to the third party or in overruling the appellants' plea in abatement based upon pendency of their suit against the third party. Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493. On the matter of estoppel see Burnett v. Atteberry, 105 Tex. 119, 145 S.W. 582, 587. The cases cited by appellants are not controlling.

The alleged fraud inducing the appellants to personally endorse the original note would not affect the validity of the second note signed by appellants to forestall appellee in proceeding with suit against them. Appellants expressly agreed that upon default of the note executed in renewal and extension of the original note that appellee would be entitled to immediate judgment in this suit which was left pending in line with the agreement. Associated Employers Lloyds v. Howard, 156 Tex. 277, 294 S.W.2d 706, and authorities cited.

While in our opinion there is no valid or controlling pleadings or evidence concerning any fraud inducing the appellants to sign the original corporate note it is undisputed that there is no allegation or evidence of fraud concerning execution of the second note. The notes were clear, plain, and unambiguous. They were complete and regular upon their face and

unconditional. By signing the notes the appellants became liable for the payment thereof. Obviously, the appellants were aware of the appellee's intention to collect on the obligation when they signed the second note because of the appellee's suit against them for collection of the original note. Thus, in signing the second note the appellants did not place any reliance upon the alleged fraud they claimed to have relied upon in signing the original note. It is fundamental that before fraud can be set up, either as the basis of a claim or defense, it must appear that the claimed representations were relied upon. 25 Tex. Jur.2d, Fraud and Deceit, pp. 651, 653, § 27. Page 653 of the text states, "Inasmuch as a representation that is known to be false cannot deceive, redress will not be awarded to a person who had knowledge of the falsity of the representations when he entered into the transaction. It is imperative that the party claiming to have been defrauded believed the false representations when he acted. * * * similarly, there can be no legal defense based on fraud if the facts concerning the fraud become fully known before the contract is executed." It is obvious that the appellants were fully aware of all of the facts when they executed the second note. See also 25 Tex.Jur.2d, Fraud and Deceit, p. 682, § 44, and Associated Employers Lloyds v. Howard, supra.

The appellants' contention that an officer of the appellee advised them that they would not be held personally liable on the note would as a general rule be inadmissible since it contradicts their written promise to pay. 9 Tex.Jur.2d, p. 323, § 294 and authorities cited; Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900; Bowden v. Partners' Finance, Tex.Civ.App., 278 S.W.2d 866; Steve Lynn Motor Company, Inc. v. Pavelka, Tex.Civ.App., 371 S.W.2d 928; IX Wigmore, Evidence (3rd Ed.), p. 144, § 2444.

The appellee was within its right to sue on either the original or the subsequent note as appellants were in default on both of them and thus under Rule 48, Texas Rules of Civil Procedure, it was proper for appellee to sue for recovery on one or the other in the alternative. Recovery was allowed on only one. There was no double recovery.

The appellants' contention that the agreement for the extension and renewal of the original corporate note amounted to negotiations for compromise and settlement and thus should not have been before the jury is untenable. There was no compromise. The appellants signed the second obligation in consideration of the appellee holding up further action on his suit against them and with the understanding that upon default on their part the appellee would be free to take judgment. We believe the agreement and the note executed in connection with it were clearly admissible. Assuming however for the moment that it was error for the court to permit the introduction of the agreement on the alleged grounds it prejudiced appellants in the eyes of the jury, the error, if any, was cured or rendered harmless by the instructed verdict which in effect removed the case from consideration by the jury.

The appellants claimed a credit of $500.-00 which the appellee conceded. No further credits were placed in issue. Thus the matter of credits is not involved. Rules 94, 95, T.R.C.P.

The testimony in this case reflects that the extension agreement was prepared for the signature of the appellants at their request. It was handed to them. They were requested to read it carefully and thereafter asked if they understood it. The appellants advised that they understood the agreement and were willing to sign it in their individual capacities and did so. The agreement provided that upon default by either of them, "the Plaintiff shall have the right to immediate judgment for the full amount of the original note sued on plus costs, interest and attorney's fees claimed in the above referenced litigation, less any

amounts which shall have been paid on account thereof as provided in this agreement."

The agreement concerning the second note and its execution was fully supported by the pleadings and the evidence and unaffected by the fraud alleged in connection with the execution of the original corporate note. The appellants did not allege any affirmative defenses which would defeat the appellee's suit on the subsequent note. Rules 94, 95, T.R.C.P.; 9 Tex.Jur. 2d, p. 315, 316, § 288. In view of what we have said in relation to the various points raised by the appellants we do not deem it necessary or advisable to discuss all of the points in detail as to do so will unduly lengthen this opinion and serve no useful purpose in the disposition of this case. Suffice it to say that in our opinion under all of the facts the appellee was entitled to an instructed verdict and judgment based thereon. Accordingly all points of error brought forward by the appellants are overruled and judgment of the trial court is affirmed.