**Garland E. RUTHART, Appellant,**

v.

**FIRST STATE BANK, TULIA, TEXAS, Appellee.**

**No. 7796.**

Court of Civil Appeals of Texas.

Amarillo.

July 22, 1968.

Rehearing Denied Aug. 26, 1968.

Sanders, Scott, Saunders, Brian & Humphrey, C. J. Humphrey, Amarillo, of counsel, for appellant.

Morehead, Sharp, Boyd & Tisdel, Joe Sharp, Plainview, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit to recover on a promissory note executed by Garland E. Ruthart payable to the First State Bank, Tulia, Texas. Both parties filed motions for summary judgment. The trial court granted the bank's motion for summary judgment against the defendant below who has timely perfected this appeal.

From the pleadings, affidavits and stipulations it is uncontradicted the defendant below, Garland E. Ruthart, an employee of R.A.R., Inc., executed a promissory note in the amount of $3,766.68 payable in 36 monthly installments to First State Bank, Tulia, Texas on April 14, 1966. The face amount of the note included principal, interest and the premium on a credit life insurance policy on the life of Ruthart with the bank being the beneficiary. The bank upon the execution of the note delivered a $3,000.00 cashier's check to Ruthart payable to R.A.R., Inc. Ruthart then delivered the cashier's check to an officer of the corporation who simultaneously issued Ruthart 150 shares of the corporation's common stock. Ruthart then assigned this stock to the bank as collateral for the loan. R.A.R., Inc. cashed the check and received the proceeds thereof. All these transactions took place in the office of the appellee bank at one meeting between appellant, R.A.R., Inc. officers and officers of the bank. Some 14 other employees of R.A.R., Inc. entered into similar transactions at the same meeting, and acquired various amounts of stock of the corporation. Demand was made upon appellant's note after he became delinquent after paying three monthly installments.

Appellant first complains the trial court erred in overruling his motion to consolidate eleven other cases filed by appellee against other employees of R.A.R., Inc.; and its refusal to make the officers and directors of R.A.R., Inc.

third party defendants. It is well settled that the Rules of Civil Procedure grant the trial court broad discretion in the matter of consolidation of causes. Rule 174, Texas Rules of Civil Procedure and Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588 and Wilson v. Ammann & Jordan (Tex.Civ.App.) 163 S.W.2d 660 (error dism'd) and McKinney v. Gaiser (Tex.Civ.App.) 366 S.W.2d 268 (ref'd n.r.e.). The trial court's action in such procedural matters will not be disturbed on appeal except for abuse of discretion, Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 and Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438. Each suit sought to be consolidated with the instant case was a separate and distinct cause of action against different defendants. The fact that all the causes relate to promissory notes is not persuasive. Although the pleadings of the other cases are not a part of this record, it is apparent different questions of fact and law are quite likely to be presented. A denial of the motion to consolidate was clearly not an abuse of discretion.

Appellant sought under Rule 38, T.R.C.P. to make the officers and directors of R.A.R., Inc. third party defendants. As in other such procedural matters the trial court is clothed with considerable discretionary authority. Hamilton v. Hamilton, supra; Nutter v. Dearing (Tex.Civ.App.) 400 S.W.2d 346 (error ref'd n.r.e., 402 S.W.2d 889). Appellant argues the R.A.R., Inc. officers who made the financial arrangements for the several note makers with the bank, would be liable to each note maker in the event of recovery by the bank against them; and that the proposed third party defendants should be impleaded for their participation in the alleged fraudulent transaction. This is simply a suit on a promissory note, admittedly executed by appellant who concedes he received the $3,000.00 for which he executed the note. The fact such consideration was paid directly over to R.A.R., Inc. whose stock was simultaneously transferred to appellant and was given as collateral, is no defense. Kliesing v. Neuhaus (Tex.Civ. App.) 265 S.W.2d 215. The alleged cause of action of appellee against appellant is separate and distinct from that alleged by appellant against the proposed third party defendants. Nor can it be said appellant's alleged cause of action against the proposed third party defendants would constitute a defense to appellee's suit on the promissory note executed by appellant. Appellant's contention is without merit.

Appellant next contends the note sued upon was one of a series of notes given appellee bank by employees of R.A.R., Inc. for the credit purchase of the corporate stock; and that the transaction was part of a plan and scheme by the officers and directors of R.A.R., Inc. and the president of appellee bank to sell capital stock in violation of the Constitution and Statutes of the State of Texas. Article 12, Section 6 of the Constitution of the State of Texas, Vernon's Ann.St. reads as follows:

"Art. 12, § 6. Consideration for stock or bonds; fictitious increase

Sec. 6. No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

Article 2.16 of the Business Corporation Act, V.A.T.S., of the State of Texas reads as follows:

"Art. 2.16. Payment of Shares

A. The consideration paid for the issuance of shares shall consist of money paid, labor done, or property actually received. Shares may not be issued until the full amount of the consideration, fixed as provided by law, has been paid. When such consideration shall have been paid to the corporation, the shares shall be deemed to have been issued and the

subscriber or shareholder entitled to receive such issue shall be a shareholder with respect to such shares, and the shares shall be considered fully paid and non-assessable.

B. Neither promissory notes nor the promise of future services shall constitute payment or part payment for shares of a corporation."

The parties stipulated the appellee bank, through its duly authorized officer, made an arrangement with officers of R.A.R. Inc. for the latter's employees to borrow money from the said bank, with the proceeds of such loan to be used to purchase capital stock of R.A.R., Inc. They further stipulated a cashier's check was given to appellant during the transaction, and that appellant in turn gave this check to officers of the corporation, who in turn issued 150 shares of R.A.R., Inc. stock to appellant. This stock was assigned by appellant to the bank as collateral for such loan.

Appellant seeks to avoid liability on the note on the grounds the note is invalid as a credit purchase under the above constitutional and statutory provisions. The material facts are undisputed. Appellant, at the instance of his employers, executed a note to appellee bank to obtain the money for the purpose of purchasing the corporate stock. The money so received was paid over to the corporation. Upon receipt of the money, the corporation issued the stock to appellant who in turn assigned the stock to the bank as collateral. It was not a credit purchase or the issuance of stock for a note as prohibited by statute or by constitutional provision. Weichsel v. Jones (Tex.Civ.App.) 109 S.W.2d 332 (rehearing denied 109 S.W.2d 1097) held there was nothing unlawful about the purchase of corporate stock with money borrowed from a third party. See also Citizens National Bank v. Stevenson (Tex.Comm. App.) 231 S.W. 364 (opinion adopted). The issuance of the stock of R.A.R., Inc.

to appellant was lawful and the note he executed was valid and binding upon him. There being no material fact issues raised by the pleadings, affidavits and stipulations the trial court correctly granted appellee's motion for summary judgment.

The judgment of the trial court is affirmed.