Aurora O. CRUZ et vir, Appellants,

v.

Martina GUAJARDO, Appellee.

No. 821.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1973.

Anthony F. Constant, Canales & Garza, Corpus Christi, for appellants.

H. T. Hermansen, Jr., Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

The question in this appeal is whether the trial court abused its discretion, based upon Rule 38 Texas Rules Civil Procedure, in dismissing this suit. Martina Guajardo filed suit on April 14, 1972, against Aurora O. Cruz and her husband, Domingo M. Cruz, for injuries arising out of an automobile collision which occurred on November 27, 1971. Miss Guajardo was a passenger in a vehicle driven by Ymelda Jimenez at the time that vehicle was in collision with a vehicle driven by Mrs. Cruz. On motion (after notice to the plaintiff) and order of September 6, 1972, Mr. and Mrs. Cruz were granted leave of the court to file, and they did so file, a third party complaint for their damages against Ymelda Jimenez who was neither a plaintiff nor a defendant in the suit originally filed. On September 16, 1972, Miss Jimenez filed a general denial to the Cruz petition against her. Then, on September 26, 1972, the original plaintiff Guajardo filed a motion to dismiss her cause of action because it had been settled. On the same date, in response to that motion, the trial court entered an order of dismissal of the plaintiff's cause of action.

On May 10, 1973, Ymelda Jimenez filed a motion to dismiss the third party action theretofore filed against her by the Cruz family. She asserted in her motion that there was no cause of action stated against her because in such third party action there was no allegation of any liability over to her of the Guajardo claim against Mr. and Mrs. Cruz. The trial court agreed with her and entered its order on May 17, 1973, dismissing the third party complaint. From the trial court's order of dismissal and its order overruling the motion for new trial the Cruz family appeals.

In their second point of error the appellants say that the trial court erred in granting the appellee's motion to dismiss because such motion, construing it as liberally as possible, complained of misjoinder, and misjoinder is not a ground for dismissal of an action.

Rule 38, T.R.C.P., entitled "Third-Party Practice" provides:

"(a) When defendant may bring in third party. A defendant on notice to the plaintiff, may ask leave of the court to file a cross-action against a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against the defendant."

Rule 41, T.R.C.P., entitled "Misjoinder and Non-Joinder of Parties" is as follows:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, . . .. Any claim against a party may be severed and proceeded with separately."

■ Procedural rules have as some of their purposes to prevent circuity of action and multiplicity of suits while effecting court convenience, efficiency and fairness to the parties. Frumer, Multiple Parties and Claims in Texas, 6 Sw.L.J. 135–136 (1952). Further, such rules give the trial court broad discretion in matters of severance, separate trials and consolidation of causes of action and the trial court's action in that regard will not be disturbed on appeal except for an abuse of discretion. Hanover Insurance Company v. Hoch, 469 S.W.2d 717, 723 (Tex.Civ.App.—Corpus Christi 1971, n. r. e.) and cases therein cited. At the time the dismissal of the Cruz cause of action occurred, the case was in a conventional two-sided posture. The Cruz family who were the only actual plaintiffs (though original defend-

ants and now called third party plaintiffs) were aligned against Ymelda Jimenez who was the only actual defendant (though not an original party and now called a third-party defendant). The original plaintiff Guajardo had been dismissed out of the suit, by reason of settlement, approximately seven months before the dismissal complained of in this appeal. And at no time before the Guajardo dismissal had she or Jimenez complained of the Cruz pleadings bringing Jimenez into the suit. The motion to dismiss the Cruz family from the suit was the first complaint by Jimenez in regard to being joined in the suit and that motion had been filed only a week before the Cruz dismissal was ordered.

The dismissal, if allowed to stand, in effect would cause the necessity of the Cruz cause of action to be alleged by them against Jimenez in a new and different suit with additional service and return of citation and additional elapsing of time.

■ Before the Guajardo dismissal, the trial court would have been well within its discretion, pursuant to Rule 41, supra, in severing the Cruz-Jimenez cause of action out of the suit. Or denying severance would have been discretionary with the trial court too, because the subject causes of action arose not only out of the same transaction, but out of the same occurrence: a collision of two automobiles. However, the trial court abused its discretion when it dismissed the Cruz cause of action at a time when the original plaintiff was no longer a party. Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 252, 248 S.W.2d 731, 732 (1952); Frost v. De Bogory, 291 S.W.2d 414 (Tex. Civ.App.—Dallas 1956, no writ); Rule 41, supra. We so hold.

The appellee argues that the cases of Ruthart v. First State Bank, Tulia, Texas, 431 S.W.2d 366 (Tex.Civ.App.—Amarillo 1968, ref'd) and Johnson v. Packaging Corporation of America, 375 S.W.2d 780 (Tex. Civ.App.—Fort Worth 1964, no writ) are authority for the trial court's action of dismissal. Those cases arose out of non-payment of promissory notes and the defendants were attempting to bring in third parties based upon completely separate transactions involving different parties. In the *Ruthart* case the trial court refused to join the third parties, and in the *Johnson* case the trial court dismissed the third party action on motion of the third party. Those cases are distinguishable in that the original plaintiffs were still in the suits at the time of the action of the trial court of refusal and dismissal of the third party. Also Rule 41, supra, regarding misjoinder of parties was not urged by any of the parties nor did the appellate courts consider such rule in their opinions. Appellants' second point is sustained.

■ Appellants in their first point urge that the trial court erred in granting appellee's motion to dismiss because such motion amounted to nothing more than a general demurrer and such motion did not point out with particularity the defect complained of.

In her motion to dismiss the Cruz cause of action, appellee Jimenez alleged in part:

" . . . Such Third Party Action did not, however, allege liability to the Defendants or to the Plaintiff for all or part of the Plaintiff's claim against the Defendants; rather, such Third Party Action alleged a cause of action based on injuries to Aurora O. Cruz. . . . "

It is obvious that appellee is complaining, pursuant to Rule 38, supra, that there is no allegation in the Cruz petition of passing to Jimenez all or part of the liability asserted by Guajardo against Mr. and Mrs. Cruz. For that reason appellants' first point is overruled.

The judgment of the trial court is reversed and the cause is remanded for trial.