Louis L. SEIFFERT, Jr., Appellant,

v.

Burl BOWDEN, Receiver for the First State Bank, Aransas Pass, Texas (in liquidation), Appellee.

No. 1222.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

Louis L. Seiffert, Jr., pro se.

Edward F. Walker, Shelby A. Jordan, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a suit on two promissory notes brought by Burl Bowden, as Receiver for the First State Bank, Aransas Pass, Texas, against Louis L. Seiffert, Jr. A trial before the court resulted in a judgment for plaintiff in the amount of $197,789.41 for principal and interest, together with attorney's

fees of $19,778.00. Defendant has appealed.

Defendant executed and delivered to First State Bank, Aransas Pass, Texas, two promissory notes, one dated June 12, 1969, in the original principal amount of $125,000.00, and one dated August 11, 1969, in the principal amount of $25,000.00. When the notes were executed, the Bank was a State Banking Corporation. On or about September 1969, the Board of Directors of the Bank placed both notes in the hands of the Banking Commissioner of the State of Texas in connection with liquidation proceedings theretofore instituted against the Bank. Thereafter, the State Banking Commissioner assigned the notes and all of its rights with respect thereto to the Federal Deposit Insurance Corporation (FDIC). When the FDIC had been made whole and reimbursed for all payments which it was required to make to depositors of the closed Bank, it transferred and assigned the notes to plaintiff, as Receiver for the benefit of the stockholders of the Bank.

Plaintiff filed his original petition in the District Court of San Patricio County, Texas, on February 12, 1974. He did not thereafter file an amended or supplemental petition. Defendant's original answer, which consisted of a general denial only, was filed on March 19, 1974. On August 16, 1976, he filed a document which is styled "Defendant's Third Answer." He contends in point of error 3 that this document is sufficient to plead a discharge in bankruptcy as an affirmative defense to the action brought by plaintiff. We have serious doubts about the matter, but in view of our disposition of this case it is not necessary that we consider the point.

On February 14, 1977, the day of the trial, defendant attempted to file a pleading entitled "Third Party Plaintiff's Original Petition." In that pleading, he alleged that two individuals, one an employee of the FDIC and the other an employee of the State Banking Commission, used illegal and fraudulent means in closing the First State Bank of Aransas Pass, and also in the subsequent handling of those assets for liquidation purposes. He sought to recover from the FDIC, the State Banking Commission, and all of the particular employees involved, as "third party defendants," compensatory damages in excess of twenty million dollars. In addition, he sought to file a counterclaim against plaintiff. Thereupon, counsel for plaintiff objected on several grounds, including: 1) the pleading involved a separate transaction; 2) there would be unreasonable delay in the trial of the cause; and 3) relief could be had in the present cause without the joinder of the additional parties. The trial court sustained plaintiff's objections, and did not permit the filing of defendant's petition.

We first consider the refusal by the trial court to allow defendant to file his "Third Party Plaintiff's Original Petition," which, in substance and effect, asserted a third party action. Defendant contends that the trial court's ruling with respect thereto was arbitrary and constituted an abuse of discretion. We do not agree.

■ The trial court has great discretion in questions pertaining to the joinder of parties and causes of action, and its action will not be disturbed, absent arbitrary action or an abuse of discretion. *Ruthart v. First State Bank, Tulia, Texas,* 431 S.W.2d 366, 368 (Tex.Civ.App.—Amarillo 1968, writ ref'd); *Reynolds v. Pierce,* 320 S.W.2d 376, 374 (Tex.Civ.App.—Fort Worth 1959), aff'd, 160 Tex. 198, 329 S.W.2d 76.

■ Defendant's contention in the pleading that he is entitled to compensatory damages from the parties named therein has nothing to do with the suit based on the promissory notes brought by plaintiff against defendant. We do not find the FDIC, The State Banking Commission or the particular employees of each to be indispensable parties to the suit filed by plaintiff. The original parties to the promissory notes were the defendant and The First State Bank, Aransas Pass, Texas. Defendant defaulted in the payment of the two promissory notes sued on by plaintiff. The Bank was put in receivership, and its lawful representative in receivership has brought suit to recover on the notes. Neither the

FDIC, nor its employee, nor the State Banking Commission, nor its employee, have sought a recovery upon such notes; defendant has not sought a recovery against them for any act or omission by them which relate to the instant suit. The allegation of fraud in the closing of the Bank and the further allegation that defendant suffered a loss of assets in the manner in which the assets of the Bank were handled in the liquidation are unrelated to the case at hand. The filing of such a third party pleading would have injected into plaintiff's suit an entirely new controversy, involving several new parties, which would have materially complicated and delayed the trial of the case.

Plaintiff's objections to the filing of the third party action on the day of trial and after the case had been called and both plaintiff and defendant had announced "ready" are well founded. His objections thereto were properly sustained. *Drury v. Reeves,* 539 S.W.2d 390 (Tex.Civ.App.—Austin 1976, no writ); *Roeber v. DuBose,* 510 S.W.2d 126 (Tex.Civ.App.—Corpus Christi 1974, no writ); *King v. Atayde,* 428 S.W.2d 148 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd, n.r.e.); *Blackburn v. Manning,* 307 S.W.2d 347 (Tex.Civ.App.—Amarillo 1957, writ dism'd). There has been no showing of any arbitrary action or abuse of discretion by the trial court. Defendant's points 8, 9, 10 and 11 are overruled.

We now examine the evidence. The gravamen of defendant's contentions, liberally construed, as expressed in points 1 and 2, is that plaintiff, in his original petition, admitted that defendant had been discharged in bankruptcy, which admission, in itself, relieved defendant of specially pleading the affirmative defense of discharge in bankruptcy. Defendant contends in Point 5 that the trial court erred in not allowing a copy of the "General Stay Order" and the "Discharge in Bankruptcy," both in the bankruptcy court, to be introduced in evidence. None of the points can be sustained under the record here presented.

■ A defendant is not required to duplicate allegations made by his opponent, such as where plaintiff, in his petition, anticipates an affirmative defense and alleges facts in connection therewith. McDonald's, Texas Civil Practice, § 6.23, (1969). However, that rule applies only where the plaintiff *fully* alleges the defensive matter. Here, plaintiff alleged:

"Plaintiff would further show that the Defendant, Louis L. Seiffert, Jr., has filed for bankruptcy in the Federal District Court for the Southern District of Texas. However, Plaintiff would show the Court that the funds represented by the promissory notes sued upon by Plaintiff were obtained by the Defendant by virtue of fraudulent acts on Defendant's part and thus, the bankruptcy proceedings do not constitute a discharge or a bar to the collection of these sums."

■ Plaintiff did not allege that defendant had been *discharged* in bankruptcy. He alleged that defendant had *filed* for bankruptcy and that in any event the bankruptcy proceedings would not bar the suit filed by him since defendant obtained the monies evidenced by the notes as a result of fraudulent acts. There is no admission by plaintiff in his petition that defendant was actually discharged in bankruptcy. Defendant's points 1 and 2 are overruled.

Defendant offered in evidence Xerox copies of a General Stay Order and a Discharge in Bankruptcy, issued by the referee in the bankruptcy court. Plaintiff objected on the grounds that neither was an original document, and neither was a properly certified copy of the original. The trial court sustained the objection and did not permit defendant to introduce such copies in evidence. Defendant did not object to the trial court's ruling, nor did he attempt to show why he could not have obtained either the original documents or properly certified copies thereof. The copies which he offered in evidence are not part of the appellate record in this case.

■ The law is inflexible in its requirement that the proof offered must be the best available proof. The best evidence of the proffered documents is either the original or a properly certified copy thereof.

Tex.Rev.Civ.Stat.Ann. art. 3731a, §§ 2, 3, 4, and art. 3731b, §§ 1, 3 (Supp.1976); *Turley v. Tobin*, 7 S.W.2d 949 (Tex.Civ.App.—Austin, 1928, writ ref'd).

■ In this case, defendant did not offer the best evidence of the asserted General Stay Order or his claimed Discharge in Bankruptcy. Defendant's own statements that such orders were issued out of the bankruptcy court were the only evidence in the record which the trial court could have considered in determining whether the General Stay Order and the Discharge in Bankruptcy actually issued out of the bankruptcy court. Those statements did not constitute proof that any such orders were ever made.

■ There is no basis for the admission of the excluded documents on the ground that the trial court should have taken judicial notice of the orders issued by the bankruptcy court. It is a well established rule that although district courts may judicially notice their own records, such courts are not required to take judicial notice of the records of other courts. *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 171 (1943); *Fender v. St. Louis Southwestern Railway Company*, 513 S.W.2d 131, 134–5 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r. e.), *cert. denied*, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778, (1975). That rule applies to this case. State courts are not required to judicially notice proceedings in a bankruptcy court. *Houston v. Shear*, 210 S.W. 976 (Tex.Civ.App.—Austin 1919, writ dism'd); *Coppard v. Gardner*, 199 S.W. 650 (Tex.Civ. App.—San Antonio 1917, no writ); *Helms v. Holmes*, 129 F.2d 263 (4th Cir. 1942).

■ No reason was shown by defendant at the trial why he could not have offered either the original or a properly certified copy of the excluded documents. Failing to offer the originals or certified copies of the excluded documents and the failure to adequately explain the reason for failure to present such originals or certified copies completely justified the trial court's refusal to admit the Xerox copies in evidence. Defendant's point 5 is overruled.

■ Defendant also contends in point of error 4 that the trial court abused its discretion by being inconsistent and allowing plaintiff to retain funds from a check executed by defendant, and payable to Federal Deposit Insurance Corporation, in the amount of $20,775.04. We disagree. Defendant did not file a counterclaim for the amount thereof. The pleadings of both parties and the judgment of the trial court are clearly limited to a suit on the two promissory notes executed by defendant and payable to the order of the First State Bank of Aransas Pass, Texas, with interest and attorney fees thereon, and nothing more. The check does not appear in the record. Point 4 is overruled.

■ Defendant further asserts in point of error 7:

"Trial court erred in Rendering Final Judgment dated on September 14, 1976 or Five Months prior to the trial itself."

The point has no merit. While the judgment recites that the cause came on "for hearing" on September 14, 1976, the statement of facts shows that the trial commenced on February 14, 1977. The transcript shows that the judgment was:

"SIGNED, RENDERED and ORDERED ENTERED this 15 day of February, 1977."

Point 7 is overruled.

The judgment of the trial court is AFFIRMED.