THREEWAY CONSTRUCTORS, INC.
and Jimmy Darrell Smith,
Appellants,

v.

Mike ATEN, Appellee.

No. 08–82–00335–CV.

Court of Appeals of Texas,
El Paso.

Aug. 17, 1983.

Rehearing Denied Oct. 5, 1983.

C.A. Searcy Miller, Anderson, Miller & Sifford, Dallas, John A. Flygare, Jones, Trout, Flygare, Moody & Brown, Lubbock, for appellants.

Robert Junell, Webb, Stokes, Sparks, Parker & Junell, San Angelo, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This case raises the question as to whether or not the trial judge erred in denying defendants' Motion for Leave to File a Third Party Petition so as to permit the original defendants the opportunity to seek contribution and indemnity from a doctor who treated the plaintiff. Finding no error, we affirm.

Mike Aten, while riding as a passenger in a Britt Construction Company vehicle, sustained serious personal injuries when the vehicle was involved in a head-on collision with a Threeway Constructors, Inc. vehicle being driven by Jimmy Darrell Smith. Suit was filed by Mike Aten, and various claims and counterclaims were made between the drivers and owners of the vehicles. Threeway Constructors, Inc. and Smith filed a Motion for Leave to File a Third Party Petition so as to join Dr. Phillip Zeeck, Aten's treating doctor, as a third party defendant in order to recover contribution and indemnity based upon his alleged negligent

treatment. Aten contested the motion, and after a hearing, it was denied.

The case proceeded to trial, but prior to the conclusion of the evidence, Aten and the Intervenor, United General Insurance Company, settled their claims against Threeway Constructors, Inc. and Jimmy Darrell Smith for $681,315.14. The case between the other parties went to a jury and one final judgment was entered in the case disposing of all parties and issues.

The Appellants present a single point of error in which they assert the trial court erred in denying their Motion for Leave to File a Third Party Petition. They assert that although there are no reported cases in Texas as to the right of an initial tortfeasor to seek contribution and/or indemnity from a subsequent tortfeasor, there are cases from other jurisdictions which support such right. They rely primarily upon those cases cited in the Annot., "Right of Tortfeasor Initially Causing Injury to Recover Indemnity or Contribution from Medical Attendant Causing New Injury or Aggravating Injury in Course of Treatment," 8 A.L.R.3d 639 (1966), and the 1982 supplement, along with the holding in *State ex Rel. Tarrasch v. Crow*, 622 S.W.2d 928 (Mo.1981, no writ).

■ The Appellee, Aten, contends by reply point that there was no abuse of discretion in denying the motion and by counterpoint that the appeal is moot by reason of the settlement and payment of his claim by these Appellants. We address the counterpoint first.

In *Highland Church of Christ v. Powell*, 640 S.W.2d 235 (Tex.1982), the court said:

It is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. *Employees Finance Co. v. Lathram*, 369 S.W.2d 927, 930 (Tex.1963). He thereby waives his right to appeal and the case must be dismissed. *Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725 (Tex. 1958); *Otto v. Rau Petroleum Products*, 582 S.W.2d 504 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); Annot., 39 A.L. R.2d 153. The basis for this rule is to prevent a party who has freely decided to pay a judgment from changing his mind and seeking the court's aid in recovering the payment. A party should not be allowed to mislead his opponent into believing that the controversy is over and then contest the payment and seek recovery. Voluntary payment ends the controversy, and appellate courts will not decide moot cases involving abstractions.

That case and its holding is distinguishable. In this case, the Appellants did not seek a return of the money they paid to Aten. To grant them relief would not mislead anyone since they attempted to join the third party prior to a settlement with the Appellee in this case. Their payment ended their controversy with Aten, but not their claim against the treating doctor. The issue which they raise is not one which is moot. The Powell case is not controlling, and the counterpoint is overruled.

■ But, we sustain the reply point and find no abuse of discretion in the denial of the motion for leave to join a third party defendant. Rule 38, Tex.R.Civ.P., by requiring that a defendant "ask leave of the court" to file a third party petition, recognizes there is discretion in the trial court to either grant or deny the leave to file. The trial court has great discretion in questions pertaining to the joinder of parties and causes of action, and its action will not be disturbed, absent arbitrary action or an abuse of discretion. *Seiffert v. Bowden*, 556 S.W.2d 406 (Tex.Civ.App.—Corpus Christi 1977, no writ). In *Sharpstown State Bank v. General American Insurance Company*, 441 S.W.2d 548 (Tex.Civ.App.—Austin 1969), rev'd on other grounds, 460 S.W.2d 117 (Tex.1970), the court found no abuse of discretion in denying leave to implead other parties when extensive depositions had been taken during the ten months the suit had been pending and the joinder would have delayed the trial.

■ In this case, Aten filed his original petition on March 10, 1981. The motion to join Dr. Zeeck was not filed until April 27, 1982, and not heard until May 20, 1982.

Trial commenced on July 12, 1982. It seems highly unlikely that if the motion had been granted and that if the doctor had been served with citation in late May and answered in June, the case could have been tried as it was in July. Rule 37, Tex.R. Civ.P., prohibits the bringing in of additional parties at a time when it will unnecessarily delay the trial of the case. We find no abuse of discretion in denying the motion and Point of Error No. One is overruled.

The judgment of the trial court is affirmed.