VALLEY INDUSTRIES, INC., Relator,

v.

The Honorable Harlan MARTIN, Judge, 192nd Judicial District Court of Dallas County, Texas, Respondent.

No. 05-87-00500-CV.

Court of Appeals of Texas, Dallas.

Aug. 5, 1987.

Jeffrey S. Lynch, C. Douglas Calvert, D. Bradley Dickinson, Dallas, for relator.

Stephen F. Malouf, Fred Burns, Dallas, for respondent.

Before ENOCH, C.J., and HECHT and LAGARDE, JJ.

HECHT, Justice.

We granted the motion of Valley Industries, Inc. for leave to file a petition for a writ of mandamus to compel the Honorable Harlan Martin, Judge of the 192nd Judicial District Court of Dallas County, Texas, to vacate an order revoking leave for Valley to file a third-party petition, and we expedited oral argument. TEX.R.CIV.APP.P. 121(c), (e) & (f). We conclude that Judge Martin did not abuse his discretion, and that Valley had a legal remedy fully adequate to protect its rights. Thus, we deny Valley's petition.

James Cook and others sued Valley and others for the wrongful death of his son, killed when his car was rear-ended by an allegedly intoxicated driver. Valley, in turn, sought to implead Steak House Associates, Inc. on a third-party claim for contribution, alleging that Steak House served

the driver alcoholic beverages just before the accident. At the time Valley moved for leave to file the third-party petition, trial was set for May 11, 1987. A prior setting had been continued on Valley's motion.

The trial court granted Valley leave to file a third-party petition against Steak House but cautioned that the trial setting, then only 60 days hence, would stand. After Steak House answered and objected that it could not be ready for the trial setting, Valley moved for a second continuance. True to his word, the trial court denied Valley's motion for a second continuance.

To avoid putting Steak House to trial without adequate time to prepare, the trial court considered severing Valley's claims against Steak House from the main action. Valley opposed severance, arguing that under Texas Civil Practice and Remedies Code section 33.017, its claim against Steak House, a named defendant by virtue of having answered, was a compulsory cross-claim that "must be determined in the primary suit." To circumvent Valley's concern, the trial court, instead of severing Valley's claim against Steak House, vacated his order granting Valley leave to file the third-party action against Steak House. In so doing the trial court attempted to restore the case to its posture before Steak House had been served. The trial court apparently reasoned that by revoking leave to join Steak House, it would no longer be a named defendant, section 33.017 would no longer apply, and Valley could sue Steak House in a separate action.

Valley contends, however, that the trial court may nevertheless have jeopardized its right to sue Steak House for contribution, and for that reason, abused his discretion in revoking leave to file the cross-claim. Valley's fears are based in part on dicta in *Ryland Group, Inc., v. White*, 723 S.W.2d 160, 162 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding), which states that a defendant must be permitted to join parties potentially liable to it for contribution.

Texas Rule of Civil Procedure 38(a) provides that a defendant who seeks to bring in a third-party defendant more than 30 days after his own answer must obtain leave of court, which the trial court has discretion to grant or deny. *Threeway Constructors, Inc., v. Aten*, 659 S.W.2d 700, 701 (Tex.App.—El Paso 1983, no writ). Under Texas Rule of Civil Procedure 37, parties cannot be joined "at a time [or] in a manner to unreasonably delay the trial of the case." Inasmuch as joinder of a new party 60 days before trial will almost certainly delay trial, the trial court could properly have denied Valley leave to implead Steak House. If *Ryland* suggests otherwise, we decline to follow that case.

Since the trial court had discretion to deny leave to file a third-party action in the first place, it necessarily follows that he had discretion later to vacate his order granting leave. Indeed, Texas Rule of Civil Procedure 41 states that "[p]arties may be dropped ... on such terms as may be just." Again, the clear language of the rule vests full discretion in the trial court.

We hold, therefore, that Judge Martin did not abuse his discretion by vacating his earlier order granting leave to implead Steak House and by striking the pleadings by and against Steak House. Absent an abuse of discretion by the trial court, mandamus will not lie. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Therefore, Valley's petition for writ of mandamus must be denied.

Even if Judge Martin had abused his discretion, Valley must also show that it has no other adequate remedy at law. *Johnson*, 700 S.W.2d at 917. Because the trial court's action removed Steak House as a named defendant within the meaning of Texas Civil Practice and Remedies Code section 33.017, Valley is not precluded from pressing its claim against Steak House in another action. Valley therefore has an adequate remedy at law.

Valley urges that the trial court's action will result in multiple litigation and concomitantly, additional expense that Valley

must bear. The expense and inconvenience of additional litigation, however, does not alone justify mandamus. *See Paper Supply Company v. C.C. Van Meter*, 315 S.W.2d 93, 94–95 (Tex.Civ.App.—Dallas 1958, orig. proceeding); *accord, Plekowski v. Ralston-Purina Company*, 557 F.2d 1218, 1220 (5th Cir.1977).

The petition for writ of mandamus is denied.