Joe Tibbs et al v. First Federal Savings Bank
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-209-CV

     JOE TIBBS, INDIVIDUALLY
     AND JOE TIBBS AUTO SALES,
                                                                         Appellants
     v.

     FIRST FEDERAL SAVINGS BANK,
     BRYAN, TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 49,370-CCL2
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      After a jury found Joe Tibbs and Joe Tibbs Auto Sales (together referred to as “the
dealership”) committed breach of contract, negligent misrepresentation, and fraud, the trial court
rendered judgment for First Federal Savings Bank (“FFSB”) in the amount of $15,000 actual
damages and $43,000 attorney’s fees. The dealership challenges: (1) the submission of negligent
misrepresentation to the jury; and (2) the court’s denial of the dealership’s motion to implead
Frank Albrow and Donetta Ford as third-party defendants. Finding no error, we will affirm the
judgment.
BACKGROUND
      In September 1998, the dealership sold a used Nissan Altima to a man claiming to be Frank
Albrow. The car was purchased under a retail installment contract and financed by FFSB
according to the terms of a July 1998 blanket financing agreement between FFSB and the
dealership.


 After default on the loan, FFSB attempted to repossess the car from Albrow, who
denied signing the retail installment contract, buying the car, or letting anyone else use his name
and personal information to do so. FFSB eventually repossessed the car from Donetta Ford,
Albrow’s daughter.
      FFSB sued the dealership for breach of contract, alleging Albrow’s signature on the retail
installment contract was forged. After the dealership denied execution of the July 1998 blanket 
agreement, FFSB amended its petition adding a claim for fraud. FFSB later added claims of
negligence and negligent misrepresentation related to the alleged forgery and to the dealership’s
training and supervision of its employees. After the car was recovered from Ford, the dealership
moved to join Albrow and Ford as third-party defendants. The court denied this motion.
      On July 19, 2000, the court granted the dealership summary judgment as to the negligence
and negligent misrepresentation claims, which were dismissed with prejudice. Six months later,
FFSB amended its petition a fifth and final time, again alleging negligent misrepresentation and
adding a claim of fraudulent inducement based on the dealership’s representations about the
condition of and equipment on the car.
      A jury found the dealership committed breach of contract, negligent misrepresentation, and
fraud. The jury awarded actual damages of $15,000 on each cause of action, exemplary damages
for fraud, and $43,000 in attorney’s fees. The court rendered judgment for FFSB in the amount
of $15,000 actual damages and $43,000 attorney’s fees.
CHARGE ERROR
      The dealership first challenges the court’s submission of an issue on negligent
misrepresentation. Assuming, without holding, that this was error, we consider whether the
dealership was harmed. “No judgment may be reversed on appeal on the ground that the trial
court made an error of law unless the court of appeals concludes that the error complained of
probably caused the rendition of an improper judgment.” Tex. R. App. P. 44.1(a)(1).
      The judgment does not mention negligent misrepresentation and does not award exemplary
damages. The amount of damages awarded in the judgment was exactly that awarded by the jury
for breach of contract and attorney’s fees, and those amounts are supported by the record. 
Therefore, we conclude that the court rendered judgment on the breach of contract claim. Because
the judgment was properly rendered on the breach of contract claim, we cannot say that the
submission of negligent misrepresentation probably caused the rendition of an improper judgment. 
Id. We overrule the dealership’s first issue.
THIRD-PARTY JOINDER
      The dealership also argues that the court erred by denying its motion for leave to join Albrow
and Ford as third-party defendants. The dealership contends that they were necessary parties
under Rule 39 of the Texas Rules of Civil Procedure.


 “Under the provisions of our present Rule
39 it would be rare indeed if there were a person whose presence was so indispensable in the sense
that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.” 
Cooper v. Texas Gulf Indus., Inc., 513 S.W.2d 200, 204 (Tex. 1974). This is not such a rare
case. The court’s denial of this motion does not bar the dealership from bringing a separate cause
of action against Albrow and Ford.


 Therefore, we consider the trial court’s actions in light of
Rule 38. Tex. R. Civ. P. 38.
      Rule 38 allows a defendant to join a third party who may be liable to him or to the plaintiff,
but requires leave of court if the defendant files a third-party petition more than thirty days after
service of the original answer. Id. Whether to grant leave to join is committed to the sound
discretion of the trial court. Valley Industries, Inc. v. Martin, 733 S.W.2d 720, 721 (Tex.
App.—Dallas 1987, orig. proceeding). We will reverse only if we find the trial court has abused
that discretion. Threeway Constructors, Inc. v. Aten, 659 S.W.2d 700, 701 (Tex. App.—El Paso
1983, no writ).
      A court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992) (orig. proceeding). Thus, with respect to the resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for
that of the trial court. Id. The party must establish that the trial court could reasonably have
reached only one decision. Id. at 840. Even if the reviewing court would have decided the issue
differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and
unreasonable. Id.
      The Dallas court of appeals has held that a court did not abuse its discretion by denying leave
to join third parties even though the defendant argued that the parties he wished to join were
inextricably involved in the facts that formed the basis of the pending lawsuit. Williamson v.
Tucker, 615 S.W.2d 881, 887 (Tex. App.—Dallas 1981, writ ref’d n.r.e.). In Williamson, Tucker
and two others had each owned an undivided one-third interest in real property. Id. at 884. 
Through a series of separate transactions, Tucker and the two others sold their interests in the
property, in exchange for promissory notes, to a group of co-venturers, including Williamson. 
Id. Tucker sued Williamson on this note. Id. at 885. Williamson, along with his co-venturers,
was defending another state court action arising out of the same series of transactions. Id. at 886.
Williamson sought to implead his co-venturers and to consolidate the pending state court claims. 
Id. The court noted that Tucker had no claim against any of the proposed third-party defendants
and that their relationship to the case was through separate transactions. Id. at 886-87. The court
held that although joinder would have been proper, the trial court did not abuse its discretion in
failing to order joinder. Id. at 887.
      Here, the dealership sought to join Albrow and Ford, arguing that they were inextricably
involved in the facts which formed the basis of the pending lawsuit. FFSB sued the dealership 
based on the July 1998 dealer agreement and based on representations made by the dealership to
FFSB. The dealership sought to join Albrow and Ford because of the retail installment contract
and representations made while purchasing the car. These were two separate transactions, and
FFSB made no claim against Albrow or Ford. While joinder may have been feasible under Rule
38, we cannot conclude that the court’s decision was arbitrary or unreasonable. Walker, 827
S.W.2d at 839-40. Because we find that the court did not abuse its discretion, we overrule the
dealership’s second issue.
CONCLUSION
      Having overruled both of the dealership’s issues, we affirm the judgment.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Affirmed
Opinion delivered and filed October 30, 2002
Do not publish
[CV06]